IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA



MAR 16 2009

JOSHUA WHEAT,  )
 )   WILLIAM B. GUTHRIE
 )   Clerk, U.S. District Court
Plaintiff,  )   By_____
 )           Deputy Clerk
v.  )   No. CIV 08-051-RAW-SPS
 )
JIM KEITH, et al.,  )
 )
Defendants.  )

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss or for summary judgment. The court has before it for consideration plaintiff's second amended complaint [Docket #12], the parties' motions [Docket #30 and #32], and a special report [Docket #31] prepared by the Special Report Coordinator for Corrections Corporation of America at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Plaintiff has not responded to the defendants' motions.

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking injunctive relief and monetary damages for alleged constitutional violations during his incarceration at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. The defendants are DCF Warden Jim Keith; DCF Officers Dockery, Lysinger, and Grissom; and DOC Director's Designee Debbie Morton.[1]

---

[1] To the extent Defendant Morton is sued in her official capacity as a DOC official, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages

Plaintiff alleges that on October 30, 2007, he received a misconduct for having a cell phone battery, but he was found guilty of having a cell phone. He was punished with segregation, loss of earned credits, loss of earned credit level, and indefinite suspension of visitation. He claims in Count 1 of his complaint that he was denied due process in the disciplinary proceeding, and in Count 2 that his punishment violated the Eighth Amendment. Plaintiff further asserts a breach of contract claim in Count 3, again maintaining he was found guilty of possessing a cell phone, when he only had a battery.

The special report states that on October 20, 2007, plaintiff was found in possession of a cell phone battery by Officers Grissom and Ainsworth. Defendant Grissom noticed something in plaintiff's hand as Grissom was preparing to pat down plaintiff to enter the visiting room. Plaintiff refused Grissom's order to show what was in his hand, and plaintiff then turned and tried to walk away. Grissom saw plaintiff try to put something in his pants, so he was ordered to return and was strip searched. Grissom found an item wrapped in plastic in the waistband of plaintiff's underwear. Officer Ainsworth joined Grissom, the item was unwrapped, and it was determined to be a cell phone battery. Officer Ainsworth escorted plaintiff from the visitation area and informed plaintiff's visitor that the visit had been terminated.

A misconduct report was completed the same day, charging plaintiff with a Individual Disruptive Behavior, a Class X offense, in accordance with DOC Disciplinary Policy OP-060125. The incident was referred for investigation on October 29, 2007, and on October

---

suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

30, 2007, plaintiff received a copy of the written charge against him. Plaintiff initialed the form and requested a hearing.

Investigator Dockery filled out an investigator's report on October 30, 2007, which plaintiff signed on that date. The report noted that plaintiff did not want to present witnesses, he provided no documentary evidence to the investigator, and the assignment of a staff representative was not warranted. The hearing date was set for November 2, 2007. The record shows that plaintiff was provided a copy of all evidence supporting the disciplinary charge, including the incident reports by Officers Grissom and Ainsworth, the misconduct report, a copy of the photograph of the battery, and the investigator's report.

Plaintiff's disciplinary hearing was held on November 2, 2007. The disciplinary hearing officer, relying on the officers' statements, found him guilty of the offense of Individual Disruptive Behavior. Consistent with DOC OP-060125, the discipline imposed was segregated confinement for 30 days, loss of 365 earned credits, Level 1 for 90 days, and loss of visitation for 180 days. The reason for the discipline was "to deter future rule violations."

Plaintiff appealed the disciplinary action on November 19, 2007, and Defendant Warden Keith affirmed the decision on December 11, 2007. Prior to Warden Keith's consideration of the appeal, a due process review confirmed that plaintiff was provided written notice of the charge, and he was allowed at least 24 hours to prepare for the hearing, after receiving written notice of the charge. Plaintiff received copies of the evidence used and copies of the written witness statements. He was allowed to attend the disciplinary hearing, there was a written explanation of the evidence used to determine guilt, a written reason for the discipline imposed was given, some evidence of guilt was presented, the issue

3

of whether a staff representative was reviewed, and the hearing officer was not directly involved in the misconduct.

Plaintiff appealed the warden's decision to the DOC, and on December 21, 2007, Defendant Debbie Morton, Director's Designee, concurred with the disciplinary hearing officer and Warden Keith. Ms. Morton found that written evidence statements were used to determine guilt, there was ample evidence to support the charge, no staff representative was warranted, and the punishment imposed was within the allowable sanctions for a Class X offense. Finding that disciplinary procedures were followed, Ms. Morton denied plaintiff's appeal.

Initially, the court finds plaintiff's requests for restoration of his earned credits, a change in his credit level, and expungement of his misconduct are inappropriate in this § 1983 action. Habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement, when the relief sought includes immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). In addition, plaintiff has not alleged he has exhausted his state court remedies regarding his revoked earned credits, pursuant to Okla. Stat. tit. 57, § 564.1. *See Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007).

The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours' advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Further, procedural due

process requires only that there be "some evidence" to support disciplinary sanctions within a correctional facility. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). A review of the record indicates the requirements of *Wolff* were met in plaintiff's case. In addition, the court is satisfied there exists some evidence in the record to support the conclusion that resulted from the disciplinary hearing.

The defendants allege plaintiff has failed to exhaust his available administrative remedies for all claims not involving due process in his disciplinary proceedings. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001).

In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, 549 U.S. 199 (2007). Proper exhaustion under the PLRA contemplates full compliance with all agency deadlines, including the deadlines enumerated in a prison's grievance procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ."). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

5

Davis Correctional Facility Grievance Policy 14-5 sets forth the specific steps an inmate must complete to exhaust administrative remedies. With the exception of emergency grievances, inmates must use the informal resolution process prior to submitting a formal grievance. The Informal Resolution form must be submitted within seven calendar days of the alleged incident. Grievances must be filed within five days of the response date listed on the Informal Resolution form. Once the Grievance Officer has responded to the grievance, the inmate may appeal by completing the appeal section of the form and resubmitting the grievance. The inmate must file an appeal within five days of the response date listed on the grievance decision.

The record shows that plaintiff filed three grievances during the time in question in this lawsuit, all of which were returned to him for failure to properly follow the grievance process. In addition, according to the facility grievance logs and records, plaintiff filed no grievance appeals regarding his allegations of denial of due process, cruel and usual punishment, or breach of contract. Therefore, the court finds he has failed to exhaust his administrative remedies, and the deadline for pursuing these remedies has passed.

**ACCORDINGLY,** the defendants' motions to dismiss [Docket #30 and #32] are GRANTED, is action is, in all respects, DISMISSED, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED** this 16th day of March 2009.

*/s/ Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**